UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISTVAN KIRALJ,

       Plaintiff,

   v.                                CASE NO. 8:05-CV-997-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____/

**ORDER**

      Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying his Disability Insurance Benefits ("DIB").[1]  Plaintiff argues the Administrative Law Judge ("ALJ") made a host of errors: improperly discounting the opinions of treating physicians; improperly considering pain and credibility; posing an incomplete hypothetical to the vocational expert; improperly substituting his judgment for that of the medical expert; engaging in an improper sit and squirm observation; finding that Plaintiff's impairments did not meet or equal a listing; and improperly considering the side effects of Plaintiff's medications.  After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

    *Background*

      Plaintiff, 60 years old at the time of the administrative decision, has a general education diploma and previous work experience as a maintenance supervisor.  He alleges he became disabled

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 10).

on November 25, 1998, due to back, neck, shoulder and hand pain, depression, coronary artery disease and left eye blindness.[2]  He first filed for disability benefits on July 11, 2002.  After an administrative hearing, the ALJ issued a decision denying benefits.  Plaintiff unsuccessfully sought review before the Appeals Council and then filed this appeal.  The case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the

---

[2] Plaintiff has been blind in his left eye since the age of six.

claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal.  *Keeton,* 21 F.3d at  1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1.  treating physician's opinions*

Plaintiff contends the ALJ erred by disregarding both the cardiac functional capacity assessment of his treating cardiologist, Dr. Pitarys, and the chronic pain assessment of Dr. Levine. He asserts the ALJ did not show that good cause existed when he discounted these opinions. Defendant argues that substantial evidence existed in the record supporting the ALJ's decision.  In addition, the opinions are inconsistent with the doctors' own records and the record as a whole.

Unquestionably, the ALJ followed the regulatory scheme for assessing a treating physician's opinion, a scheme that requires the ALJ give a treating physician's testimony substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists where the doctor's opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the doctors' opinions were conclusory or inconsistent with their own medical records. *Lewis* at 1440 (citations omitted); *see also Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (treating physician's conclusion that claimant was totally disabled inconsistent with physician's own treatment notes and medical evidence). The regulations dictate the logical reasons for such a preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

Thus, if the ALJ discounts the treating physician's opinion, the ALJ must clearly articulate the reasons for doing so; otherwise, it is reversible error. *Lewis* at 1440. In accordance with these demands, the ALJ spelled out his reasons for rejecting Dr. Pitarys and Levine's opinions.

Plaintiff's main concern is that both Dr. Pitarys and Dr. Levine opined that he was not capable of even sedentary work. However, these opinions are not supported by sufficient medical evidence. Neither doctor's treatment notes or medical records point to Plaintiff's condition being as disabling as they allege. Furthermore, a treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but it is an opinion on an issue

4

reserved to the Commissioner.  20 C.F.R. § 404.1527(e).  Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record, but an opinion that a claimant is unable to work is never entitled to controlling weight or special significance.  S.S.R. 96-5p, 1996 WL 374183, *1-3 (S.S.A.).

### 2.  pain and credibility

Plaintiff argues the ALJ erred in finding he was not a credible witness.  He argues the medical evidence and testimony both indicate disability due to pain.  The ALJ, however, in assessing Plaintiff's credibility found that his complaints of pain were inconsistent with the medical evidence. The medical records show not only that Plaintiff's impairments are stable, but that his impairments are not as severe as alleged.  In addition, with regard to Drs. Pitarys and Levine, the ALJ found their assessments largely unsupported by medical evidence (R. 22-23).

The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.  *See* 20 C.F.R. §§ 404.1529 and 416.929.  "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings.  20 C.F.R. §§ 404.1528 and 404.928.  "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received.  *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6).  The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry*

5

*v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence.  *Foote* at 1561.

Here, the ALJ noted that the medical record shows Plaintiff received rather conservative treatment for the impairments he alleges are severe, and he is not on any prescription pain medication.  In addition, the record demonstrates Plaintiff is capable of daily activities far beyond what one would expect of an individual with his level of pain.  The ALJ noted in his decision that Plaintiff went fishing in his own boat at least twice a month, used a chainsaw for yard work around his property, and participated in other household chores including cooking and cleaning (R. 23).  In addition, in 2002, Plaintiff reported that he takes care of his two elderly parents   (R. 88).  Lastly, Plaintiff fails to point to any specific problem within the ALJ's decision.  He merely makes an unsupported assertion that the ALJ failed to evaluate the effect of Plaintiff's impairments on his ability to work.  Accordingly, I find the ALJ's determination is supported by substantial evidence.

### 3. vocational expert hypothetical

Upon consideration of the medical evidence and testimony, the ALJ found that Plaintiff retained the RFC for a limited range of light work; no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; limited to jobs permitting monocular vision; no exposure to hazardous machinery; no climbing of ladders, ropes, or scaffolds; and avoidance of extreme heat and cold, fumes, odors, gases, and breathing irritants (R. 25).  After this determination, the ALJ enlisted the help of a vocational expert.  The expert opined that Plaintiff could return to his past relevant work as a maintenance supervisor (R. 493-95).

The ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments.  *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).  Plaintiff claims that the

hypothetical posed to the vocational expert did not adequately address his psychological impairments.  However, as detailed in the above discussions, Plaintiff's complaints regarding his psychological condition were found to be not fully credible.  Accordingly, the ALJ included all relevant limitations in the hypothetical he posed to the vocational expert.

### 4.  substituting own opinion for the medical expert's opinion

Plaintiff contends that the ALJ substituted his own opinion for that of the medical expert.  Specifically, Plaintiff's contentions revolve around the ALJ's notations that "claimant received relatively conservative medical treatment, and is not on prescription pain medications, as would be expected given the allegations of disabling pain" (doc. 11, p. 12).  The Commissioner correctly asserts that the ALJ is allowed to consider Plaintiff's lack of pain medications.  Also, the  ALJ's notation of Plaintiff's "conservative" treatment is an accurate reflection of the medical evidence as a whole.  And, these were not the only reasons which the ALJ based his decision on.  Accordingly, the ALJ did not improperly substitute his own opinion for that of the medical expert.

### 5.  sit and squirm

Plaintiff argues that the ALJ engaged in an improper "sit and squirm test," by noting that he was able sit through the hearing with no visible discomfort (R. 23-24).  The Commissioner contends that the ALJ is not prohibited from making this type of an observation, and that the decision regarding disability was not based solely on the observation.

The Eleventh Circuit condemns the use of a "sit and squirm" test.  The danger in employing such a test is that the ALJ, who is not a medical expert, subjectively arrives at an index of traits which he expects the claimant to manifest at the hearing.  If the claimant falls short of the index, the claim is denied.  *See Johns v. Bowen,* 821 F.2d 551, 556 (11th Cir. 1987);  *Wilson v. Heckler,* 734

7

F.2d 513, 517 (11th Cir. 1984); *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir. 1982). Yet, this reasoning must be balanced against the ALJ's prerogative in assessing the claimant's credibility. In this instance, the ALJ contrasted his observations against the Plaintiff's testimony and the medical record and he clearly stated that his opinion on this issue related to Plaintiff's credibility. His observations mirrored what he found in the medical record. *See Norris v. Heckler,* 760 F.2d 1154, 1157 (11th Cir. 1985) (rejecting "sit and squirm" argument because ALJ did not impose his observations in lieu of a consideration of the medical evidence). Accordingly, the ALJ did not engage in an improper "sit and squirm" analysis.

### 7. impairments did not meet or equal a listed impairment

Plaintiff argues that the medical evidence presented compels a determination of disability under listings 2.02, 2.04, 1.04(A), 1.04(B), and 1.04(C).[3] Specifically, Plaintiff claims that findings contained in his opthamological evaluation report (R. 154), establish that he meets or equals a listing. The Commissioner contends that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal any listed impairment.

Plaintiff has the burden of establishing the existence of an impairment or combination of impairments that meet or equal the criteria in the Listings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Plaintiff must meet or equal all the requirements of a listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Mere diagnosis of a listed impairment is by itself not sufficient; the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes*, 936 F.2d at 1218. If a claimant contends that an impairment equals a listed impairment, the claimant must present evidence that describes how the impairment has such an equivalency.

---

[3] Listing 1.04 deals with disorders of the spine. Listing 2.02 deals with impairment of visual acuity. Listing 2.04 deals with loss of visual efficiency.

*Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

Here, Plaintiff fails to present any evidence or explain how his vision problems and spine problems meet or equal any listing. Notably, he did not refer the ALJ or this Court to any specific listing that he claims was equaled except for listing 1.04. Nor does Plaintiff offer factual or legal support for his argument. As noted above, it is Plaintiff's burden to show that he equals a listing. *See Carnes*, 936 F.2d at 1218. Because Plaintiff presented no evidence describing how his impairment(s) have such an equivalency, he has failed to meet his burden of proof and, therefore, may not prevail on this claim. *See Wilkinson on Behalf of Wilkinson*, 847 F.2d at 662.

*8. medication side effects*

Plaintiff contends the ALJ erred by failing to consider the side effects of her medication. Plaintiff offers scant evidence that his medication cause such severe impairments that would impact his ability to work. The ALJ did not commit any error here. As the Commissioner points out, the ALJ did in fact consider the opinions of the doctors, which is detailed in his decision (R. 22). And the ALJ determined the opinions of both doctors were not entitled to controlling weight, which included their opinions as to the side effects of Plaintiff's medications. Accordingly, the ALJ properly considered the side effects of Plaintiff's medications.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      That Plaintiff's complaint is dismissed and judgment is entered for Defendant.

2.      The Clerk is directed to close this case and terminate all pending motions.

IT IS SO ORDERED at Tampa, Florida on this 12th day of September, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to: counsel of record